(105 So. 11)

No. 27087.

BORNIO et al. v. BERGER.

In re BERGER.

(May 25, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Tenancy in common** 15(2)—**Prescription; record owner's heirs and representatives held not entitled to sole ownership by prescription as against co-owners.**

Where owner of interest in land, title to which was taken in name of one of four co-owners, collected and accounted to latter for all revenues of market and grocery store thereon for 30 years, neither record owner nor his heirs or representatives were in possession at any time to exclusion of his associates, and hence did not acquire sole ownership by prescription.

2. **Adverse possession** 14 — **Prescription; judgment putting heirs in possession does not put them in actual possession of effects in corporeal possession of another.**

Judgment putting heirs in possession of estate recognizes their right to take possession, but does not put them in actual possession of deceased's effects, if they are and continue in corporeal possession of another, and hence gives no possession which can form basis of prescription acquirendi causa, under Civ. Code, art. 3501.

Certiorari to Court of Appeal, Parish of Orleans.

Action for partition by Manuel Bornio and others against Otto Berger. Judgment for plaintiffs was affirmed by the Court of Appeal, and defendant applies for writ of review. Judgment affirmed.

Paul A. Sompayrac, of New Orleans, for applicant.

R. A. Tichenor, of New Orleans, opposed.

ST. PAUL, J. In 1892, Peter St. Amand and four associates acquired certain lots of ground on which they erected a public market, the revenues of which they were to enjoy for 30 years, at the end of which time the market was to belong to the city of New Orleans.

The title to said lots was taken for convenience in the name of St. Amand; but he gave his associates a counter letter, in which he acknowledged that each owned a fifth interest in said lots. Two of said associates did not put up their share of the price at once, and in said counter letter a mortgage is retained by St. Amand upon their shares in the property for the payment of their share of the price. But the evidence shows that this was paid soon afterwards, and that feature of this case passes out.

I.

[1] In addition to the land needed to build the market, there was left over a small piece of land, on which the associates built a grocery store; and this is an action by the associates of St. Amand to partition this piece of property in proportion of one-fifth to each of said associates and one-fifth to the heirs or representatives of said St. Amand. The defense is that said St. Amand, his heirs, and representatives, have acquired the ownership of said property by the prescription of 10 and 30 years.

II.

The all-sufficient answer to this claim is that neither St. Amand nor his heirs or representatives were at any time in possession of said property to the exclusion of the associates of said St. Amand.

The evidence is, and it is not contradicted, that Manuel Bornio, one of the associates, collected all the revenues of said market, and all the rents from said grocery store during the whole 30 years, and accounted for them regularly to his associates, each for his share.

III.

[2] The theory of defendant (one of the heirs of St. Amand, through his mother, the wife and universal legatee of St. Amand), is that the property always stood on the rec-

ords and on the tax roll in the name of St. Amand, (the counter letter never having been recorded), and that the heirs of St. Amand were "put in possession" of the property belonging to his estate by the judgment of the probate court, which recognized them as his heirs.

Pretermitting the question whether a judgment, putting heirs in possession of the property which belonged to the deceased, can possibly be construed to put them in possession of anything which did not belong to him, nevertheless a judgment, putting heirs in possession of an estate, merely recognizes their right to take possession of the effects of the deceased, but it does not put them in actual possession thereof if in point of fact those effects be and continue in the corporeal possession of some one else. And the only possession which can form the basis of the prescription acquirendi causa is that which at least begins by the corporeal detention of the thing adversely to all others. R. C. C. art. 3501.

The alleged prescription herein relied upon is without foundation whatsoever; and the judgment of the district court and Court of Appeal, ordering the partition, is correct.

### Decree.

The judgment of the Court of Appeal is therefore affirmed.

O'NIELL, C. J., concurs in the decree.